UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LEON ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-00322-JMS-MJD |
| | ) | |
| LEANN LARIVA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Leon Robinson seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). For the reasons discussed in this Entry, his petition for writ of habeas corpus is **denied.**

**A. Background**

Petitioner Leon Robinson is an inmate currently housed at the FMC Rochester, located in Rochester, Minnesota. At the time he filed the instant petition, he was confined at the Federal Correctional Institution, located in Terre Haute, Indiana.

Mr. Robinson was convicted by a jury in the Northern District of Mississippi of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *United States v. Robinson,* 4:05-cr-0090-MPM-JMV-1 (N.D. Miss. Dec. 15, 2005) ("Crim. Dkt."). The jury determined that Mr. Robinson was an armed career criminal. *Id.*; dkt. 26-1. Mr. Robinson had several prior offenses: two armed robbery convictions from Illinois in 1986; another robbery conviction from Illinois in 1986; an attempted robbery conviction from Illinois in 1986; and another attempted armed robbery conviction from Illinois in 1991. Dkt. 1; dkt. 12; dkt. 13 (PSR

under seal); dkt. 26-2. The first two armed robberies occurred on the same day, but involved different individual victims and different stolen property. Dkt. 13; dkt. 26-1.

Based on the jury's finding that Mr. Robinson had three or more prior crimes of violence, Mr. Robinson was sentenced pursuant to the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(e), and U.S.S.G. § 4B1.4 (2004), to 262 months' imprisonment. Crim Dkt. 51; dkt. 26-2. The sentencing hearing was held on December 8, 2005, and judgment was entered on December 15, 2005. Crim. Dkt. 50, 51.

Mr. Robinson, with counsel, appealed his conviction. *United States v. Robinson*, 2006 WL 1983201, 189 Fed. Appx. 352 (5th Cir. July 14, 2006). He alleged that the trial court erred on two grounds: first, that the district court's erroneous admission of the pistol magazine prejudiced his trial; and, second, that his sentence violated the Sixth Amendment because the trial court considered his use of the firearm in the armed robbery as relevant conduct under the Sentencing Guidelines, an issue he argued should have been decided by the jury under *United States v. Booker*, 543.U.S. 220 (2005). *Robinson,* 189 Fed. Appx. at 353. His claims were rejected by the Fifth Circuit, holding that his sentence, which was "at the bottom of the properly calculated advisory sentencing guidelines range," was not unreasonable. *Id.* His petition for a writ of certiorari was also denied. *Robinson v. United States,* 549 U.S. 935 (Oct. 2. 2006).

On January 31, 2007, Mr. Robinson filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, raising the same issues he raised on appeal. The trial court dismissed the case finding that the issues raised were procedurally barred because they had been already determined on appeal. *Robinson v. United States,* 2008 WL 381726, 3:07-cv-0012-MPM (N.D. Miss. Aug. 15, 2008).

On August 31, 2015, Mr. Robinson filed a motion with the Fifth Circuit seeking authorization to file a successive petition under 28 U.S.C. § 2255. *In re Leon Robinson*, No. 15-60606, (5th Cir. Sept. 24, 2015). Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson* 2015"), he argued that his 1991 Illinois attempted robbery conviction no longer qualified as a violent felony if the trial court relied on the ACCA's residual clause. Dkt. 26-3 at 3. The Fifth Circuit denied the motion concluding that "Robinson would not be entitled to relief even if *Johnson* is a new rule of constitutional law that applies retroactively to cases on collateral review" because "Robinson's three prior felonies (Illinois convictions for armed robbery, robbery and attempted robbery) satisfy the 'use of physical force' prong of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), which was left undisturbed in *Johnson*." Dkt. 26-4 at 3. It noted that "the fact that one prior conviction was for attempted robbery does not change the analysis here." *Id.*

Approximately seven months later, on May 27, 2016, Mr. Robinson, with counsel, filed another motion with the Fifth Circuit seeking authorization to file a successive petition under § 2255. *In re Leon Robinson*, No. 16-60345 (5th Cir. July 27, 2016). Dkt. 26-5. This time, Mr. Robinson relied on *Johnson* 2015 and *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson* 2010"). He again asserted that he is no longer an armed career criminal because his prior Illinois convictions of robbery, armed robbery, attempted robbery, and attempted armed robbery no longer qualify as "violent felonies" under § 924(e). The Fifth Circuit again rejected this claim, addressing the merits. Dkt. 28. It found that "Robinson has three or more convictions that qualify as violent felonies under the ACCA, even in the absence of the residual clause." *Id.* "The 2015 *Johnson* decision is therefore inapplicable to Robinson." *Id.* The Fifth Circuit further noted that *Johnson* 2010 "is not retroactively applicable for purposes of successive § 2255 motions." *Id.*

The Fifth Circuit therefore concluded that Mr. Robinson had failed to make the requisite *prima facie* showing to grant the application for a successive petition. *Id*.

On October 20, 2015, Mr. Robinson filed the instant habeas petition. With new counsel, Mr. Robinson raises two arguments. First, he argues that under *Kirkland v. United States*, 687 F.3d 878, 886 (7th Cir. 2012), it is not clear that his 1986 Illinois armed robbery convictions (described in ¶ 47 of the PSR) meet the requirements of the ACCA where "there is not enough documentation to say that these two armed robberies occurred on the same occasion or different occasions." Dkt. 12 at 3. Second, relying on *Johnson* 2015 and the finding that the residual clause of § 924(e) is unconstitutionally void for vagueness, he argues that his 1986 Illinois attempted robbery conviction (PSR. ¶ 53), and his 1991 Illinois attempted armed robbery conviction (PSR. ¶ 63), do not qualify as violent felonies under the force clause of § 924(e). Dkt. 12 at 2-4. For these reasons he contends that he has only two qualifying convictions, 1986 Illinois armed robberies combined (PSR, ¶ 47) and the 1986 Illinois robbery (PSR, ¶ 50). Dkt. 12 at 5-6.

After filing this habeas petition, on June 23, 2016, Mr. Robinson, by different counsel, filed a successive motion to correct sentence under 28 U.S.C. § 2255 directly in the trial court, again challenging his sentence under *Johnson v. United States,* 135 S.Ct. 2551 (2015). *Robinson v. United* States, 4:16-cv-00146-MPM (N.D. Miss.); Crim Dkt. 85. The United States responded to the successive motion on the merits and urged the Court to proceed on the merits because Mr. Robinson made sufficient allegations to satisfy the gatekeeping provision of 28 U.S.C. § 2244(b)(4). Crim. Dkt. 88 at 3. The district court considered Mr. Robinson's claim that his previous convictions for robbery no longer qualify as "violent felonies" under *Johnson.* On May 1, 2018, the district court held that under Seventh Circuit law, Mr. Robinson's robbery

convictions satisfied the elements clause of the ACCA and denied his successive § 2255 motion. *Robinson v. United* States, 4:16-cv-00146-MPM, 2018 WL 2027090 (N.D. Miss. May 1, 2018); Crim. Dkt. 89.

### B. Discussion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). Mr. Robinson, however, challenges his sentence and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3). "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). "[W]hether section 2255 is inadequate or ineffective depends on whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc) (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To properly invoke the savings clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255 before section 2241 becomes available." *Id.*

In its Entry of January 15, 2016, the Court ordered the petitioner to show a plausible basis for relief in this action in light of the Fifth Circuit's September 24, 2015, order denying Mr. Robinson's request for authorization to file a successive § 2255 motion. Dkt. 11. The petitioner argued that this action was proper because the Fifth Circuit had held in other cases that *Johnson* was not retroactive on collateral review. Dkt. 12. This action was allowed to proceed, but the respondent argued that after *Welch v. United States,* 136 S.Ct. 1257 (2016), Mr. Robinson could

bring his claim retroactively in the Fifth Circuit. Dkt. 17. In response, the petitioner argued that the Fifth Circuit summarily denied Mr. Robinson's motion for authorization of a successive motion for collateral relief on July 27, 2016, making his § 2255 remedy unavailable in the Fifth Circuit. Dkt. 21. The Court ordered supplemental briefing on the merits. Dkt. 22.

Neither party has since acknowledged the fact that among Mr. Robinson's post-judgment filings was the successive § 2255 motion filed in the trial court on June 23, 2016. Although the ruling on that motion was issued after the briefing in this case was complete, the Northern District of Mississippi action defeats Mr. Robinson's action here. The Northern District of Mississippi has ruled in the successive § 2255 action on the same *Johnson* claims Mr. Robinson brings here. Therefore, there is no basis on which on find Mr. Robinson entitled to also have this Court review his habeas petition via the savings clause of § 2255(e). It is plain that Mr. Robinson was able to pursue his successive § 2255 motion on the merits, such that his § 2255 remedy was *not* "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Simply lacking success in a § 2255 is not a sufficient showing. *Webster*, 784 F.3d at 1136.

### C. Conclusion

Mr. Robinson's § 2241 petition is denied and this action is **dismissed with prejudice** pursuant to 28 U.S.C. § 2255(e). *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) (§ 2241 petitions based on failure to satisfy § 2255(e) should be dismissed with prejudice). Final judgment consistent with this Entry shall issue.

**IT IS SO ORDERED.**

Date: 6/25/2018

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
breitz@usa.doj.gov

Sara Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov